UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKSIDE/EL CENTRO HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No.: 20cv1732-JAH(RBB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO DEPOSE DALE ERLENBUSCH [ECF NO. 71]** |

Presently before the Court is a Motion for Leave to Depose Dale Erlenbusch filed by Defendant Travelers Casualty Insurance Company of America ("Travelers") [ECF No. 71]. Plaintiff Parkside/El Centro Homeowners Association ("Parkside" or "HOA") filed an opposition [ECF No. 73], and Travelers filed a reply [ECF No. 75]. For the reasons set forth below, Travelers' motion is GRANTED.

## I.  BACKGROUND

This bad faith case arises out of an insurance policy issued by Travelers to Parkside that included a Directors and Officers Liability Owners Association Claims Made Form endorsement ("D&O Coverage"). (Compl. 4, ECF No. 1.) On July 25, 2014, a member of the Parkside HOA discovered that the HOA had been suspended by the

California Secretary of State and the Franchise Tax Board had a collection account open due to the HOA's failure to pay taxes. (Def.'s Req. Judicial Notice Attach. #1 [Cross-Compl.], at 10, ECF No. 20.) On August 14, 2014, the HOA terminated the employment of Linda Heater, a part-time employee of Parkside who had served as the HOA's manager since 1988. (Id. at 7, 10.) Shortly thereafter, Parkside terminated its relationship with Martin Mohamed, the HOA's accountant and Heater's son-in-law. (Id. at 8, 10.) After Heater's employment was terminated, a new HOA Board discovered that Heater had embezzled $80,000 from the HOA from January 2010 through July 2014, and later realized that she had embezzled at least $228,000 from 1990 through 2009. (Id. at 11.) On October 2, 2014, Parkside reported Heater to the police. (Cinco Decl. Supp. Def.'s Opp'n Pl.'s Mot. Summ. J. Ex. 3 [police report], at 2, ECF No. 21.) Almost two years later, on August 26, 2016, Heater pleaded no contest to a felony charge of embezzlement under Cal. Penal Code section 504, committed between January 1, 2010, and July 11, 2014. (Pl.'s Opp'n Attach. #1 Steinberg Decl. Ex. 10 [Heater plea agreement], at 39-40, ECF No. 59.)

On April 26, 2016, before the criminal charges against Heater were resolved and in response to a civil lawsuit brought by Heater against the HOA, Parkside filed a cross-complaint against Heater, Mohamed, and three of its former directors and officers, Dale Erlenbusch, Scott Devoy, and Hernan Mendez. (Def.'s Req. Judicial Notice Attach. #1 [Cross-Compl.], at 1, ECF No. 20.) The HOA alleged that the former directors were negligent and breached their fiduciary duties to Parkside and caused Parkside financial losses by failing to properly supervise and control the activities of Heater and Mohamed. (Id. at 15-17, 19-20.) On March 2, 2017, Travelers declined to indemnify the three former directors for any losses in the lawsuit filed by Parkside against them. (Compl., 6, ECF No. 1.)

In July 2018, the former directors stipulated to liability and causation, and agreed to permit a referee to determine damages. (Def.'s Req. Judicial Notice Attach. #2 [Statement of Decision], at 5, ECF No. 20.) On April 13, 2019, the three former

directors, who Parkside contends are insureds under the policy, assigned their claims under the Travelers D&O policy to Parkside. (Compl. 4, 6, ECF No. 1.) On November 15, 2019, a final judgment in favor of Parkside against the former directors for $688,931 was entered. (Id.)[1] On May 11, 2020, Travelers denied the former directors' claims and the HOA's claim for indemnification under the D&O policy. (Id.) On September 3, 2020, Parkside initiated this lawsuit against Travelers for breach of contract and breach of the implied covenant of good faith and fair dealing. (Id. at 1.)

Turning to the facts giving rise to the current motion, Travelers sought to take the depositions of former directors Erlenbusch, Devoy, and Mendez. (Def.'s Mot. 3, ECF No. 71.) According to Travelers, its process server, Jesse Lopez of First Legal, personally served a deposition subpoena and notice of remote deposition on Erlenbusch on September 6, 2021, at his address at 1138 S. 8th Street in El Centro, California. (Id. Attach. #2 Lopez Decl. 2; see also id. Attachs. #3-5 Lopez Decl. Exs. A-C [depo. subpoena, notice, and proof of service].) The deposition was scheduled to take place on September 17, 2021, at 10:00 a.m. via remote means coordinated by Ben Hyatt Court Reporting. (Id. Attach. #3 at 2; id. Attach #4 at 2.) The deposition notice instructed recipients of the notice (i.e., Erlenbusch and Plaintiff's counsel) to call the court reporting firm's telephone number "to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance" required to attend the deposition. (Id. Attach. #4 at 3.) The notice also instructed the deponent to "contact the noticing attorney at least five (5) calendar days before the deposition to confirm your intent to appear at this deposition via remote means to ensure you receiving the necessary credentials, . . . ." (Id. at 4.)

---

[1] The $688,931 is comprised of $371,922 in damages ($173,107 for unauthorized amounts paid to Heater/lost assessment income, $22,341 for tax penalties and interest, $5,125 for costs related to preparation of HOA tax returns, $22,621 in increased insurance costs, and $148,728 in prejudgment interest); $269,755 in attorney's fees, and $47,254 in costs. (Def.'s Req. Judicial Notice Attach. #2 [Statement of Decision], at 8-9, 13-16, ECF No. 20.)

  There is some dispute about precisely what happened on September 16, 2021, the scheduled date of Mr. Devoy's deposition, but according to copies of emails submitted to the Court, Plaintiff's counsel, Mr. Steinberg, emailed Ms. Yanni, Defendant's counsel, on 1:23 p.m. that day to inquire: "Are your depos on or off?  Your reporter does not have any logon information for these depositions.  Please advise ASAP." (Def.'s Reply Attach. #2 Yanni Decl. Ex. A, at 3, ECF No. 75.)  At 1:46 p.m., Ms. Yanni responded, "We will provide the log in information.  Will you be defending the witnesses?" (Id. at 2.)  Mr. Steinberg states that he spent one hour preparing for the deposition and forty-five minutes waiting for Mr. Devoy's deposition to start. (Pl.'s Opp'n Attach. #2 Steinberg Decl. 2, ECF No. 73.)  At 2:27 p.m., he emailed Yanni: "It is now 26 minutes past the scheduled time for this deposition and I've heard nothing further from you and your court reporting firm indicates there is no deposition scheduled." (Def.'s Reply Attach. #2 Yanni Decl. Ex. A, at 2, ECF No. 75.)  Yanni responded three minutes later, "Mr. Devoy was not served, so his deposition is not proceeding today.  Mr. Erlenbusch and Mr. Mendez are scheduled for 10 and 2 tomorrow and have been served." (Id.)  At 4:45 p.m., Yanni emailed Zoom meeting information for the Erlenbusch and Mendez depositions to Mr. Steinberg. (Id. Attach. #3 Yanni Decl. Ex. B, at 2.)

  The following day, September 17, Mr. Erlenbusch did not appear for his deposition. (Def.'s Mot. Attach. #6 Yanni Decl. 2, ECF No. 71.)  On September 21, 2021, four days after the scheduled date of the deposition, Mr. Erlenbusch emailed Ms. Yanni the following:

> Rebekah,
>
> I called the # on the attached Deposition Request (Which was for Ivan Mendez and not myself) and was informed that I was not on any list.  I contacted Mr. Steinberg and he informed me he had the same response.  I was awaiting a call Thursday and Fri [September 16 and 17, 2021] and no one contacted me.  I have no problem complying with any requests concerning this matter as I have stated before.

(Pl.'s Opp'n Attach. #1 Erlenbusch Decl. Ex. B, at 16, ECF No. 73.)  Mr. Erlenbusch attests to the same in his declaration.  (Id. at 2.)  After receiving his email, Ms. Yanni spoke with Mr. Erlenbusch, who advised that he would appear for a deposition.  (Def.'s Mot. Attach. #6 Yanni Decl. 3, ECF No. 71.)  Ms. Yanni asked Mr. Steinberg to stipulate to proceed with the deposition, but Mr. Steinberg declined.  (Id.)  Travelers now seeks leave of court to proceed with the deposition after the fact discovery deadline of September 20, 2021.

## II.   LEGAL STANDARDS

A notice of deposition must state the time and place of the deposition and, if known, the deponent's name and address.  Fed. R. Civ. P. 30(b)(1).  A deposition may take place by remote means.  Id. R. 30(b)(4).  The scheduling order issued by the court is required to limit the time to join other parties, amend the pleadings, complete discovery, and file motions.  Fed. R. Civ. P. 16(b)(3).  The schedule may be modified only for good cause and with the judge's consent.  Id. R. 16(b)(4).  The "'good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Fed. R. Civ. P. 16 advisory committee notes to 1983 Amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  This is unlike the liberal amendment policy of Federal Rule of Civil Procedure 15(a), which governs amended and supplemental pleadings, and which focuses on the bad faith of the party seeking amendment and the prejudice to the opposing party.  Johnson, 975 F.2d at 609.  While the court is not required to consider prejudice under Rule 16(b), it may supply an additional reason to deny a motion to modify a scheduling order.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000).  The focus of the inquiry is on the moving party's reasons for seeking modification.  Johnson, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end" and the motion to modify should not be granted.  Id.
/ / /

### III. DISCUSSION

#### A. Motion for Leave to Take Deposition

Travelers contends that Mr. Erlenbusch was properly served with the deposition subpoena. (Def.'s Mot. 4-5, ECF No. 71.) Defendant is not presently seeking an order compelling Mr. Erlenbusch's deposition or holding him in contempt because he has agreed to his deposition, but is seeking leave of court to proceed with the deposition after the fact discovery cutoff, which was September 20, 2021. (Id. at 6.) Plaintiff argues that Mr. Erlenbusch's failure to appear was a problem of Travelers' own making because Erlenbusch was not properly served with the deposition subpoena and Travelers failed to provide him with the Zoom credentials in advance of the deposition. (Pl.'s Opp'n 3-5, ECF No. 73.) Parkside also argues that prejudice exists because its counsel prepared and waited for two depositions (Mr. Devoy's and Mr. Erlenbusch's) that did not go forward. (Id. at 5.) Plaintiff further asserts that good cause to permit the deposition after the fact discovery deadline is lacking because Travelers has had over a year to depose the former directors, their testimony is not necessary because Travelers' denial had nothing to do with the former directors, the pertinent legal issues are currently pending in motions before Judge Houston, and Travelers did not argue in any of the motions that it needed discovery from the former directors. (Id. at 5-6.)

Based on his email to Defendant's counsel, Mr. Erlenbusch was clearly expecting to be deposed on September 17, 2021, and remains willing to sit for his deposition. (Pl.'s Opp'n Attach. #1 Erlenbusch Decl. Ex. B, at 16, ECF No. 73.) Travelers noticed the deposition in advance of the fact discovery deadline, but the deposition did not proceed on the scheduled date due to confusion and logistical issues. Defendant acted diligently in seeking relief when it realized it would not be able to comply with the scheduling order. Mr. Erlenbusch likely possesses relevant information; it is, after all, the former directors' claims against Travelers that Parkside is pursuing in this litigation through the assignment of those claims by the directors to Plaintiff. That Travelers did not argue any need for Erlenbusch's deposition in relation to the summary judgment motions is not

pertinent because litigants are "obligated to prepare [their] case[s] in a diligent manner" consistent with the court's scheduling order even while pursuing other means of proceeding with the case.  See Osakan v. Apple Am. Grp., No. C 08-4722 SBA, 2010 WL 1838701, at *4 (N.D. Cal. May 5, 2010).  Reopening fact discovery to permit Travelers to take Mr. Erlenbusch's deposition will not prejudice Parkside, as it will not delay any other deadlines in the case.  In sum, Travelers has established good cause for modifying the scheduling order as required by Fed. R. Civ. P. 16(b), particularly because this Court, like other courts, prefers that cases be resolved on their merits.  See, e.g., Caldwell v. Bloomin' Brands, Inc., Case No. ED CV 19-754-DMG (MRWx), 2021 WL 3264145, at *1 (C.D. Cal. Apr. 8, 2021) (granting application to reopen discovery to permit deposition even though Plaintiff was mistaken about the discovery deadline and did not schedule the deposition until one week before the discovery deadline).  Travelers has proceeded with sufficient diligence for the Court to find that good cause exists to reopen fact discovery for the limited purpose of taking Erlenbusch's deposition.  See Johnson, 975 F.2d at 609 (the good cause standard under Rule 16(b) primarily considers the diligence of the party seeking the amendment).  Accordingly, Travelers' motion for leave to depose Dale Erlenbusch is GRANTED.

**B.     Civil Local Rule 2.1 Professionalism**

In its September 30, 2021 order, this Court directed both sides to "address whether their actions relating to the scheduling of Mr. Erlenbusch's deposition were consistent with Civil Local Rules 2.1(a)(2)(f) (requiring counsel 'to attempt to resolve disputes promptly, fairly and reasonably, with resort to the Court for judicial relief only if necessary') and (a)(3)(b) (expecting counsel 'to treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect')." (Order 2, Sept. 30, 2021, ECF No. 68.)  The Court is disappointed that neither party addressed Rule 2.1 in its brief but assumes that counsel have reviewed the entirety of this rule and will be mindful of its application to circumstances such as these going forward.

///

## IV. CONCLUSION

For the reasons set forth above, Travelers' Motion for Leave to Depose Dale Erlenbusch is GRANTED.

**IT IS SO ORDERED**.

Dated: January 11, 2022

/s/ Ruben Brooks
Hon. Ruben B. Brooks
United States Magistrate Judge