1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   PARKSIDE/EL CENTRO                    Case No.: 20cv1732-JAH(RBB)
     HOMEOWNERS ASSOCIATION,
12                                         **ORDER GRANTING IN PART AND**
                                Plaintiff, **DENYING IN PART MOTION TO**
13                                         **COMPEL [ECF NO. 49]**
     v.
14
     TRAVELERS CASUALTY
15   INSURANCE COMPANY OF
     AMERICA,
16
                                Defendant.
17

18

19          Presently before the Court is a Motion to Compel filed by Defendant Travelers

20   Casualty Insurance Company of America ("Travelers"), in which Travelers seeks an

21   order compelling Plaintiff Parkside/El Centro Homeowners Association ("Parkside" or

22   "HOA") to respond to Travelers' Request for Production Nos. 1, 2, 4, and 13,

23   Interrogatory No. 10, and Requests for Admission Nos. 15-17, on August 30, 2021 [ECF

24   No. 49].  Parkside filed an opposition [ECF No. 59], and Travelers filed a reply [ECF No.

25   62].

26          For the reasons set forth below, Travelers' Motion to Compel is GRANTED IN

27   PART and DENIED IN PART.

28   / / /

# I.   BACKGROUND

**A.   <u>Factual Background</u>**

This bad faith case arises out of an insurance policy issued by Travelers to Parkside that included a Directors and Officers Liability Owners Association Claims Made Form endorsement ("D&O Coverage").  (Compl. 4, ECF No. 1.)  On July 25, 2014, a member of the Parkside HOA discovered that the HOA had been suspended by the California Secretary of State, and the Franchise Tax Board had a collection account open due to the HOA's failure to pay taxes.  (Def.'s Req. Judicial Notice Attach. #1 [Cross-Compl.], at 10, ECF No. 20.)  On August 14, 2014, the HOA terminated the employment of Linda Heater, a part-time employee of Parkside who had served as the HOA's manager since 1988.  (<u>Id.</u> at 7, 10.)  Shortly thereafter, Parkside terminated its relationship with Martin Mohamed, the HOA's accountant and Heater's son-in-law.  (<u>Id.</u> at 8, 10.)  After Heater's employment was terminated, a new HOA Board discovered that Heater had embezzled $80,000 from the HOA from January 2010 through July 2014, and later realized that she had embezzled at least $228,000 from 1990 through 2009.  (<u>Id.</u> at 11.)  On October 2, 2014, Parkside reported Heater to the police.  (Cinco Decl. Supp. Def.'s Opp'n Pl.'s Mot. Summ. J. Ex. 3 [police report], at 2, ECF No. 21.)  Almost two years later, on August 26, 2016, Heater pleaded no contest to a felony charge of embezzlement under Cal. Penal Code section 504, committed between January 1, 2010, and July 11, 2014.  (Pl.'s Opp'n Attach. #1 Steinberg Decl. Ex. 10 [Heater plea agreement], at 39-40, ECF No. 59.)

On April 26, 2016, before the criminal charges against Heater were resolved and in response to a civil lawsuit brought by Heater against the HOA, Parkside filed a cross-complaint against Heater, Mohamed, and three of its former directors and officers, Dale Erlenbusch, Scott Devoy, and Hernan Mendez.  (Def.'s Req. Judicial Notice Attach. #1 [Cross-Compl.], at 1, ECF No. 20.)  The HOA alleged that the former directors were negligent and breached their fiduciary duties to Parkside and caused Parkside financial losses by failing to properly supervise and control the activities of Heater and Mohamed.

(Id. at 15-17, 19-20.)  On March 2, 2017, Travelers declined to indemnify the three former directors for any losses in the lawsuit filed by Parkside against them.  (Compl., 6, ECF No. 1.)

In July 2018, the former directors stipulated to liability and causation, and agreed to permit a referee to determine damages.  (Def.'s Req. Judicial Notice Attach. #2 [Statement of Decision], at 5, ECF No. 20.)  On April 13, 2019, the three former directors, who Parkside contends are insureds under the policy, assigned their claims under the Travelers D&O policy to Parkside.  (Compl. 4, 6, ECF No. 1.)  On November 15, 2019, a final judgment in favor of Parkside against the former directors for $688,931 was entered.  (Id.)[1]  On May 11, 2020, Travelers denied the former directors' claims and the HOA's claim for indemnification under the D&O policy.  (Id.)  On September 3, 2020, Parkside initiated this lawsuit against Travelers for breach of contract and breach of the implied covenant of good faith and fair dealing.  (Id. at 1.)

## II.    LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable.  Id.  Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the

---

[1] The $688,931 is comprised of $371,922 in damages ($173,107 for unauthorized amounts paid to Heater/lost assessment income, $22,341 for tax penalties and interest, $5,125 for costs related to preparation of HOA tax returns, $22,621 in increased insurance costs, and $148,728 in prejudgment interest); $269,755 in attorney's fees, and $47,254 in costs.  (Def.'s Req. Judicial Notice Attach. #2 [Statement of Decision], at 8-9, 13-16, ECF No. 20.)

20cv1732-JAH(RBB)

case.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978) (footnote and citation omitted).  District courts have broad discretion to determine relevancy for discovery purposes and to limit the scope of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); see also Fed. R. Civ. P. 26(b)(2)(C) (allowing courts to limit discovery when it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the requesting party has had ample opportunity to obtain the information in discovery; or the discovery sought is beyond the scope of Rule 26(b)(1)).

## III.   DISCUSSION

### A.   Request for Production No. 1

This request seeks "All liability insurance policies issued to YOU from January 2014 to December 2018."  Whether Parkside made a claim under other insurance policies between the time the embezzlement was discovered in 2014 and the stipulation to liability by the former directors in 2018 is relevant.  Accordingly, Travelers' request for an order compelling a response to Request No. 1 is GRANTED.

### B.   Request for Production No. 2

This request seeks "All DOCUMENTS CONCERNING Linda Heaters' [sic] conduct as alleged in the UNDERLYING ACTION."  Heater's conduct formed the basis of the cross-complaint against the former directors and is relevant to Travelers' defense in this litigation.  As to Parkside's contention that it has "two 40-inch-long horizontal file drawers" of documents and that Travelers' intent is to burden Parkside and its counsel with this discovery, (see Pl.'s Opp'n 6, ECF No. 59), Rule 34 permits the producing party to produce copies of responsive documents or permit an inspection of responsive materials.  Fed. R. Civ. P. 34(b)(2)(B).  Providing the documents for inspection by Travelers will lessen any burden on Parkside.  Travelers' request for an order compelling a response to Request No. 2 is GRANTED.

/ / /

/ / /

**C.      Request for Production No. 4**

This request seeks "All DOCUMENTS CONCERNING Martin Niaz Mohamed's conduct (i.e., "employee defalcation") as alleged in the UNDERLYING ACTION.  As with Request for Production No. 2, Mohamed's conduct formed the basis of the cross-complaint against the former directors and is relevant to Travelers' defense.  Parkside's response that "Mr. Mohamed made no D&O claim and there are no documents responsive to this request" is not responsive to the request and is not an adequate response.  Travelers' request for an order compelling a response to Request No. 4 is GRANTED.

**D.      Request for Production No. 13**

This request seeks "All DOCUMENTS CONCERNING the UNDERLYING ACTION."  Rule 34 requires requests for production to "describe with reasonable particularity each item or category of items to be inspected[.]"  Fed. R. Civ. P. 34(b)(1)(A).  "The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not.'"  Bruggeman ex rel. Bruggeman v. Blagojevich, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (quoting Parsons v. Jefferson–Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992)).  The party requesting the production of documents must provide "sufficient information to enable [the party to whom the request is directed] to identify responsive documents."  Parsons, 141 F.R.D. at 412.  This request fails to provide sufficient information to enable Parkside to identify responsive documents and thus is overbroad.  Relevant documents relating to the underlying action will be produced pursuant to Request Nos. 2 and 4.  Travelers' request for an order compelling a response to Request No. 13 is DENIED.

**E.      Interrogatory No. 10**

This interrogatory requests that Parkside "IDENTIFY all PERSONS that have served as YOUR directors and/or officers, and their dates of service, from January 1998 to present."  Given that Heater apparently embezzled over many years, the identity of other Parkside HOA directors and officers who may have failed to supervise Heater and

discover the embezzlement is relevant.  Travelers has not, however, established why it needs the identities of directors and officers after 2018, when Erlenbusch, Devoy, and Mendez stipulated to liability.  Parkside must therefore identify all Parkside HOA directors and officers, and their dates of service, from January 1998 through 2018. Travelers' request for an order compelling a response to Interrogatory No. 10 is accordingly GRANTED IN PART and DENIED IN PART.

**F.    Requests for Admission Nos. 15, 16, and 17**

Request for Admission No. 15 states:  "Admit that YOU had the option of not filing a cross-complaint against YOUR former directors in the UNDERLYING ACTION."  Request for Admission No. 16 states:  "Admit that YOU exercised YOUR discretion in filing YOUR cross-complaint against YOUR former directors in the UNDERLYING ACTION."  Request for Admission No. 17 states:  "Admit that YOUR act of filing YOUR cross-complaint against YOUR former directors in the UNDERLYING ACTION was YOUR intentional act."  Rule 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to[] facts, the application of law to fact, or opinions about either[.]"  Fed. R. Civ. P. 36(a)(1).  These requests seek admissions regarding the application of law to fact and relate to Travelers' defense in the case.  Accordingly, Travelers' motion for an order compelling a response to Requests for Admission Nos. 15, 16, and 17 is GRANTED.

## III.   CONCLUSION

For the reasons set forth above, Travelers' Motion to Compel is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

Dated:  January 11, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge

20cv1732-JAH(RBB)